UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC LOPILATO and ALFREDO LOPILATO )<br>)<br>) C.A. No. 05-10012 NG<br>Plaintiff )<br>)<br>v. )<br>) **COMPLAINT**<br>OFFICER MICHAEL LANK, )<br>OFFICER GLENN NIX, OFFICER )<br>ERROL LANE, CANTON POLICE )<br>CHIEF PETER BRIGHT, and )<br>THE TOWN OF CANTON )<br>)<br>Defendants )<br>) | |

## INTRODUCTION

1. This is an action for money damages on behalf of Plaintiffs Marc Lopilato and Alfredo Lopilato, arising out of the violation of their constitutional rights by Officer Michael Lank, Officer Glenn Nix, Officer Errol Lane and Chief Peter Bright of the Canton Police Department. Plaintiffs also allege that the Town of Canton had a custom and policy of deliberate indifference to the rights of its citizens which resulted in the violation of Plaintiffs' constitutional rights. This action is brought pursuant to 42 U.S.C. §1983 and M.G.L. c. 12 §11(I).

## JURISDICTION

2. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and on the pendent jurisdiction of this court to entertain related claims arising under state law.

## PARTIES

3. Plaintiff Marc Lopilato is a resident of Norfolk County, Massachusetts.

4. Plaintiff Alfredo Lopilato is a resident of Norfolk County, Massachusetts.

5. Defendant Town of Canton is a municipality duly organized under the laws of the Commonwealth of Massachusetts.

6. Defendant Chief of Police, Peter Bright, was at all times relevant to this complaint Chief of the Canton Police Department, acting under color of law, and is sued in his supervisory capacity as Police Chief. At all times material hereto, it was the responsibility of Defendant Bright to properly train, supervise, and discipline police officers at the Canton Police Department and to implement established law, policies, and regulations at the Canton Police Department.

7. Defendant Michael Lank was at all times relative to this complaint an employee of the Town of Canton Police Department and is sued in his individual capacity.

8. Defendant Errol Lane was at all times relative to the complaint an employee of the Town of Canton Police Department and is sued in his individual capacity.

9. Defendant Glenn Nix was at all times relative to the complaint an employee of the Town of Canton Police Department and is sued in his individual capacity.

## FACTS

10. On August 31, 2002, at approximately 12:45 a.m., Marc Lopilato was sitting in a friend's car in a parking lot outside the Golden China restaurant in Canton, Massachusetts.

11. Earlier that evening Marc Lopilato had been in a verbal dispute with several individuals including an individual by the name of Tim Albert.

12. Tim Albert's older brother, Chris Albert, is a childhood friend of Defendant Lank. Chris and Tim Albert had been drinking that evening at Centerfields Bar in Canton. Defendant

Lank was drinking at Centerfields that evening as well.

13. While sitting in the car, Marc Lopilato noticed a group of several men leave Centerfields Bar and approach the car. At this time, Marc Lopilato exited the car.

14. He was then attacked by several of the men in the group, including Chris Albert.

15. After this attack, Marc Lopilato called his brother Alfredo Lopilato and informed him that he had been physically assaulted by a group of men.

16. Plaintiff Alfredo Lopilato left his girlfriend's house, where he had been sleeping, and came to the parking lot out of concern for his brother's well-being.

17. When Alfredo Lopilato arrived, he noticed Chris Albert, Tim Albert's brother. Alfredo knew Chris Albert, and thus approached him to inquire about the earlier dispute.

18. At this time, Defendant Lank came from the area in front of Centerfields Bar. He was swaying as he walked. At trial following this incident, Lank would admit that he drank "about four" beers in the two hours he was in Centerfields.

19. Defendant Lank approached the Plaintiffs as they approached Chris Albert. He began yelling that he was a police officer. His breath smelled strongly of alcohol. At the trial following the incident, Lank would testify that he activated himself as a police officer at this time.

20. Canton Police Officers, Defendant Lane and Defendant Nix arrived at the scene. Defendant Lank instructed them to handcuff Plaintiff Alfredo Lopilato. Defendant Nix handcuffed Alfredo Lopilato and placed him in the back of a police cruiser.

21. While the other officers were placing Alfredo Lopilato in the police cruiser, Defendant Lank approached Marc Lopilato, pushed him backwards, and then punched him, with a

closed fist, on the side of his face.

22. Plaintiff Marc Lopilato fell to the ground. Defendant Lank landed on top of him.

23. Defendant Lank continued to hit Marc Lopilato.

24. Defendant Lank then bit Plaintiff Marc Lopilato on the arm, breaking the skin.

25. Defendant Lane pulled Defendant Lank off of Marc Lopilato. He did not ask Lopilato for any identifying information. He simply told him to leave.

26. While Alfredo Lopilato was sitting, handcuffed, in the back of the cruiser Defendant Lank approached him and spit directly in his face. Defendant Lank then asked Alfredo who "the other kid" was. He then said, "who ever he is, I am going to make his life miserable." Defendant Lank's speech was slurred and his breath smelled of alcohol.

27. After Defendant Lank spit in Alfredo Lopilato's face, Defendant Lane released him from the handcuffs. Lopilato asked, "did you see him spit in my face?" Defendant Lane responded, "just get in your car and leave."

28. Defendant Lank drove away after the incident, despite his obvious intoxication.

29. The next morning, Saturday, August 31, 2002, Alfredo Lopilato went to the Canton police station to make a complaint with internal affairs on behalf his brother and himself. He was sent away, and told that he would have to come back on the following Tuesday, September 3, 2002, if he wanted to make a complaint. Alfredo asked Marc if he would go to the police station on that date, as Alfredo would be working.

30. Police reports regarding the incident were not drafted or filed until September 2; this was only *after* Alfredo Lopilato went to the station on August 31 to complain about the conduct of the Defendant officers.

31. On the following Tuesday, September 3, 2002, Marc Lopilato went to the Canton Police Station to make a complaint on behalf of himself and his brother. He spoke with a Sergeant and described the officers' conduct during the incident. The Sergeant told him he would "get back to him" regarding his complaint. Someone from the department called Alfredo that evening and stated that she would look into the complaint. To this day, neither Marc nor Alfredo Lopilato has heard anything further from anyone in the Canton Police Department regarding the outcome of any investigation into their complaint.

32. Soon thereafter, both Marc and Alfredo Lopilato received a summons in the mail to appear in court on September 25, 2002. They had each had been charged with Assault and Battery on a Police Officer.

33. On the evening of February 6, 2003, Marc and Alfredo Lopilato went inside a Mobile gas station in Canton. Their other brother, Chris Lopilato, and several other individuals were waiting for them in a vehicle outside. Defendant Lank entered the store and asked Marc Lopilato how he was doing. He replied, "not so good…you attacked me, and now I am the one who has to go to court."

34. Marc and Alfredo Lopilato went outside to get in the vehicle. Suddenly several cruisers appeared. Defendant Lank then ordered Marc Lopilato to get into his cruiser. While in the cruiser, Defendant Lank asked, "can we talk about this now?" When Marc Lopilato did not reply, Defendant Lank placed him under arrest and instructed another officer to take him to the police station.

35. Lopilato was booked and held at the police station. He was released at 3:00 a.m., and

arraigned the next morning on the following charges: Threatening, Disorderly Conduct, and Intimidation.

36. On October 3, 2003, after a two-day jury trial in Dedham District Court, Marc and Alfredo Lopilato were found not guilty of all charges arising out of the August 31, 2002 incident.

37. All of the charges arising out of the February 6, 2003 incident were dismissed. The Assistant District Attorney who handled the matters apologized to Marc Lopilato and stated that after the October trial he realized that Defendant Lank was a liar.

38. As a result of the Defendants' conduct, Marc Lopilato suffered physical injuries, humiliation, embarrassment, and emotional distress. Alfredo Lopilato suffered humiliation, embarrassment, emotional distress, and economic losses.

## COUNT ONE
## VIOLATION OF 42 U.S.C. §1983
## BY DEFENDANTS LANK, NIX AND LANE

39. The Plaintiffs restate and reallege the allegations in Paragraphs 1 through 38 and incorporate said Paragraphs herein as Paragraph 39.

40. By the actions described in Paragraphs 1 through 38 herein, Defendants Lank, Nix and Lane, acting under color of law, violated Plaintiffs' rights to be free from excessive force and unlawful seizures, all in violation of 42 U.S.C. §1983 and their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT TWO
## VIOLATION OF 42 U.S.C. §1983
## BY DEFENDANT BRIGHT

41. The Plaintiffs restate and reallege the allegations in Paragraphs 1 through 40 and incorporate said Paragraphs herein as Paragraph 41.

6

42. By the actions described in Paragraphs 1 through 40 herein, Defendant Bright has, through his acts and omissions, shown a deliberate indifference to the Plaintiffs' constitutional rights and caused the Plaintiffs to suffer a deprivation of their constitutional right to be free from excessive force and unlawful seizures by:

   a. Failing to take advantage of easily available measures to ensure his officers did not engage in constitutional violations;

   b. Failing to adequately train his officers on the use of force and on the guidelines for proper seizures;

   c. Failing to adequately train, supervise, discipline officers whom he knew were prone to use excessive force and make illegal seizures;

   d. Tolerating a custom and practice in which officers use excessive force and make improper seizures; and

   e. Failing to adequately investigate incidents where he knew officers used excessive force and made improper seizures.

## COUNT THREE
## VIOLATION OF 42 U.S.C. §1983
## BY DEFENDANT TOWN OF CANTON

43. The Plaintiffs restate and reallege the allegations in Paragraphs 1 through 42 and incorporate said Paragraphs herein as Paragraph 43.

44. By the actions described in Paragraphs 1 through 42 herein, the Defendant Town of Canton has demonstrated a custom and policy of deliberate indifference to the rights of its citizens by:

   a. Failing to adequately train its officers on the use of force and on the guidelines for proper seizures;

b. Failing to adequately train, supervise, discipline officers who are prone to use excessive force and make illegal seizures;

c. Tolerating a custom and practice in which officers use excessive force and make improper seizures; and

d. Failing to adequately investigate incidents where officers use excessive force and make improper seizures.

## COUNT FOUR
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT M.G.L. c. 12, §11I BY ALL INDIVIDUAL DEFENDANTS

45. The Plaintiffs restate and reallege the allegations in Paragraphs 1 through 44 and incorporate said Paragraphs herein as Paragraph 45.

46. By the actions described in paragraphs 1 through 44 herein, the Defendants violated the Plaintiffs' civil rights through threats, intimidation and coercion, in violation of M.G.L. c. 12, §11I.

**WHEREFORE**, Plaintiffs request that this Honorable Court:

(1) Award compensatory damages against the Defendants jointly and severally;

(2) Award punitive damages against Defendant police officers;

(3) Award the costs of this action, including reasonable attorneys' fees; and,

(4) Award such other and further relief as this Court deems necessary.

## JURY TRIAL DEMAND

A jury trial is hereby demanded for all claims.

                                    Respectfully submitted,
                                    Plaintiffs Marc Lopilato
                                    and Alfredo Lopilato
                                    By their attorneys,


                                    //S//Jessica D Hedges
                                    Stephen B. Hrones
                                    BBO#242860
                                    Jessica D. Hedges
                                    BBO#645847
                                    HRONES & GARRITY
                                    Lewis Wharf-Bay 232
                                    Boston, MA 02110-3927
                                    617/227-4019


Dated:   January 4, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Marc Wolpato v. Michael Vank

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ___  NO ✓

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ___  NO ✓
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ___  NO ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ___  NO ✓

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES ✓  NO ___

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       (EASTERN DIVISION)    CENTRAL DIVISION    WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Stephen Hrones, Hrones + Garrity
ADDRESS  Lewis Wharf Bay 232, Boston MA 02110
TELEPHONE NO.  617-227-4019

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Marc Lupiluto
Alfredo Lupiluto

**DEFENDANTS**
Michael Lynch, Glenn Nix, Errol Lane, Peter Bright, Town of Canton

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Norfolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stephen Hrones
Hrones + Garrity
Lewis Wharf - Bay 232
Boston, MA 02110

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
42 U.S.C. 1983 action for violation of plaintiff's Constitutional rights

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
|  |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS |  | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☑ 440 Other Civil Rights / ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property |  ☐ 550 Other |  |  |  |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23    **DEMAND $** TBD    Check YES only if demanded in complaint: **JURY DEMAND:** ☑ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 1/3/05    SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT