UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-10012NG

|  |  |
|---|---|
| MARC LOPILATO and ALFREDO LOPILATO, Plaintiffs<br><br>v.<br><br>OFFICER MICHAEL LANK, OFFICER GLEN NIX, OFFICER ERROL LANE, CANTON POLICE CHIEF PETER BRIGHT and THE TOWN OF CANTON, Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND**

## **ANSWER**

Defendants Michael Lank, Glen Nix, Errol Lane, Peter Bright or the Town of Canton (hereinafter collectively "Defendants") respond to the allegations of the Complaint, paragraph by paragraph, as follows:

INTRODUCTION

1. The Defendants do not respond to Paragraph 1 because it does not allege material facts but rather describes the Plaintiffs' intentions with respect to their purported causes of action and states conclusions of law to which no response is required. To the extent a further response is required, the Defendants deny that they violated the Plaintiffs' constitutional rights, deny that the Town of Canton had a "custom and policy of deliberate indifference to the rights of its citizens that resulted in the violation of the Plaintiffs' constitutional rights," and otherwise leave the Plaintiffs to

their proof.

## JURISDICTION

2. The Defendants do not respond to Paragraph 2 because it states a conclusion of law to which no response is required. To the extent that a response is required, the Defendants leave the Plaintiffs to their proof.

## PARTIES

3. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegation of Paragraph 3, and therefore leave the Plaintiffs to their proof.

4. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegation of Paragraph 4, and therefore leave the Plaintiffs to their proof.

5. The Defendants admit the allegation contained in Paragraph 5.

6. As to the allegations of Paragraph 6, the Defendants admit only that Peter Bright was employed as the Chief of the Canton Police Department at the time of the events alleged in the Complaint. The Defendants do not respond to the remainder of Paragraph 6 because it does not allege a material fact but rather states conclusions of law to which no response is required. To the extent that a response may be required the Defendants leave the Plaintiffs to their proof.

7. As to the allegations of Paragraph 7, the Defendants admit only that at all times relevant to the Complaint, Michael Lank was employed as a Police Officer by the Town of Canton. The Defendants do not respond to the remainder of Paragraph 7 because it does not allege a material fact, but rather describes the Plaintiffs' intention with respect to the capacity in which the Plaintiffs have sued this Defendant.

8. As to the allegations of Paragraph 8, the Defendants admit only that at all times

relevant to the Complaint, Errol Lane was employed as a Police Officer by the Town of Canton. The Defendants do not respond to the remainder of Paragraph 8 because it does not allege a material fact, but rather describes the Plaintiffs' intention with respect to the capacity in which the Plaintiffs have sued this Defendant.

9. As to the allegations of Paragraph 9, the Defendants admit only that at all times relevant to the Complaint, Glenn Nix was employed as a Police Officer by the Town of Canton. The Defendants do not respond to the remainder of Paragraph 9 because it does not allege a material fact, but rather describes the Plaintiffs' intention with respect to the capacity in which the Plaintiffs have sued this Defendant.

## FACTS

10. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 10, and therefore leave the Plaintiffs to their proof.

11. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 11, and therefore leave the Plaintiffs to their proof.

12. Denied in the express terms alleged. As to the allegations of Paragraph 12, the Defendants admits only that Chris Albert was a childhood friend of Michael Lank and further admit that Michael Lank was a patron at Centerfields on or around August 30, 2002. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations of Paragraph 12, and therefore leave the Plaintiffs to their proof.

13. The Defendants lack sufficient knowledge and information upon which to form a

belief as to the truth of the allegations of Paragraph 13, and therefore leave the Plaintiffs to their proof.

14. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 14, and therefore leave the Plaintiffs to their proof.

15. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 15, and therefore leave the Plaintiffs to their proof.

16. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 16, and therefore leave the Plaintiffs to their proof.

17. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 17, and therefore leave the Plaintiffs to their proof.

18. As to the allegations of Paragraph 18, the Defendants admit only that Michael Lank was in the area in front of Centerfields. The Defendants deny that Michael Lank was swaying as he walked. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations of Paragraph 18, and therefore leave the Plaintiffs to their proof.

19. Denied in the express terms alleged. As to the allegations of Paragraph 19, the Defendants admit only that Michael Lank approached the Plaintiffs and identified himself as a police officer. Defendants deny that portion of Paragraph 19 which alleges that Michael Lank's "breath

smelled strongly of alcohol." The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations of Paragraph 19, and therefore leave the Plaintiffs to their proof.

20. As to the allegations of Paragraph 20, the Defendants admit only that Errol Lane and Glenn Nix arrived at the scene of the incident and that plaintiff Alfredo Lopilato was handcuffed and placed in a police cruiser. The Defendants deny the remaining allegations of Paragraph 20.

21. The Defendants deny the allegations of Paragraph 21.

22. The Defendants deny the allegations of Paragraph 22.

23. The Defendants deny the allegations of Paragraph 23.

24. The Defendants deny the allegations of Paragraph 24.

25. The Defendants deny the allegations of Paragraph 25.

26. The Defendants deny the allegations of Paragraph 26.

27. The Defendants deny the allegations of Paragraph 27.

28. As to the allegations of Paragraph 28, the Defendants admit only that Michael Lank later drove away. The Defendants deny the remaining allegations of Paragraph 28.

29. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 29, and therefore leave the Plaintiffs to their proof.

30. The Defendants deny the allegations contained in Paragraph 30.

31. As to the allegations contained in Paragraph 31, the Defendants admit only that a Canton Police Sergeant spoke with Plaintiff Marc Lopilato at the Canton Police Station on or about and September 3, 2002. The Defendants lack sufficient knowledge and information upon which to

form a belief as to the truth of the remaining allegations of Paragraph 31, and therefore leave the Plaintiffs to their proof.

32. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 32, and therefore leave the Plaintiffs to their proof

33. The Defendants deny the allegations of Paragraph 33.

34. Denied in the express terms alleged. As to the allegations contained in Paragraph 34, the Defendants admit only that the Plaintiffs went outside, that additional police cruisers arrived on the scene and that Marc Lopilato was placed under arrest. The Defendants deny the remaining allegations contained in Paragraph 34.

35. As to the allegations of Paragraph 35, the Defendants admit only that Marc Lopilato was booked and held at the Canton Police Station. The Defendants deny that portion of Paragraph 35 which alleges that Marc Lopilato was released at 3:00 a.m. Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations of Paragraph 35, and therefore leave the Plaintiffs to their proof.

36. Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations of Paragraph 36, and therefore leave the Plaintiffs to their proof

37. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 37, and therefore leave the Plaintiffs to their proof

38. Defendants lack sufficient knowledge and information upon which to form a belief

as to the truth of the remaining allegations of Paragraph 38, and therefore leave the Plaintiffs to their proof

COUNT ONE
VIOLATION OF 42 U.S.C. § 1983
BY DEFENDANTS LANK, NIX AND LANE

39. The Defendants hereby incorporate and make their responses to Paragraphs 1-38 their response to Paragraph 39 as if fully set forth herein.

40. The Defendants deny the allegations contained in Paragraph 40.

WHEREFORE, the Defendants respectfully move the Court to dismiss the Plaintiffs' Complaint, to enter Judgment in favor of the Defendants, to afford the Plaintiffs no relief and to award the Defendants their recoverable costs, expenses and attorneys fees.

COUNT TWO
VIOLATION OF 42 U.S.C. § 1983
BY DEFENDANT BRIGHT

41. The Defendants hereby incorporate and make their responses to Paragraphs 1-40 their response to Paragraph 41 as if fully set forth herein.

42. The Defendants deny the allegations contained in Paragraph 42.

WHEREFORE, the Defendants respectfully move the Court to dismiss the Plaintiffs' Complaint, to enter Judgment in favor of the Defendants, to afford the Plaintiffs no relief and to award the Defendants their recoverable costs, expenses and attorneys fees.

COUNT THREE
VIOLATION OF 42 U.S.C. § 1983
BY DEFENDANT TOWN OF CANTON

43. The Defendants hereby incorporate and make their responses to Paragraphs 1-42 their response to Paragraph 43 as if fully set forth herein.

44. The Defendants deny the allegations contained in Paragraph 44.

WHEREFORE, the Defendants respectfully move the Court to dismiss the Plaintiffs' Complaint, to enter Judgment in favor of the Defendants, to afford the Plaintiffs no relief and to award the Defendants their recoverable costs, expenses and attorneys fees.

COUNT FOUR
VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT M.G.L. c. 12, § 11I
BY ALL INDIVIDUAL DEFENDANTS

45. The Defendants hereby incorporate and make their responses to Paragraphs 1-44 their response to Paragraph 45 as if fully set forth herein.

46. The Defendants deny the allegations contained in Paragraph 46.

WHEREFORE, the Defendants respectfully move the Court to dismiss the Plaintiffs' Complaint, to enter Judgment in favor of the Defendants, to afford the Plaintiffs no relief and to award the Defendants their recoverable costs, expenses and attorneys fees.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The Complaint does not state a claim against Michael Lank, Glen Nix, Errol Lane, Peter Bright or the Town of Canton upon which relief can be granted.

## SECOND DEFENSE

The Complaint does not state a claim upon which relief can be granted because Michael Lank, Glen Nix, Errol Lane, Peter Bright and the Town of Canton are not liable to Plaintiffs for any amount of damages alleged.

## THIRD DEFENSE

Defendants Michael Lank, Glenn Nix, Errol Lane and Peter Bright are entitled to qualified immunity.

## FOURTH DEFENSE

Defendants Michael Lank, Glenn Nix, and Errol Lane were privileged in their use of force and, therefore, the Plaintiffs are barred from recovering damages.

## FIFTH DEFENSE

The Defendants state that they were justified in their conduct and acts and therefore are not liable to the Plaintiffs as alleged in the Complaint.

## SIXTH DEFENSE

Defendants Michael Lank, Glenn Nix, and Errol Lane state that they defended themselves and/or others with reasonable and necessary force and, therefore, the Plaintiffs are barred from recovering damages.

**SEVENTH DEFENSE**

The Defendants' conduct was consistent with and protected by law and/or legal process and, therefore, the Plaintiffs are barred from recovering damages.

**EIGHTH DEFENSE**

At the time of the incidents alleged, the Plaintiffs were acting in violation of applicable law and therefore their claims are barred.

**NINTH DEFENSE**

The Plaintiffs are estopped from recovering damages by their own wrongful conduct which was a substantial factor in causing their alleged incident and injuries.

**TENTH DEFENSE**

The Plaintiffs failed to reasonably mitigate their alleged damages.

**JURY DEMAND**

The Defendants hereby demand a trial by jury on all triable issues.

                                  The Defendants,
                                  MICHAEL LANK, GLEN NIX, ERROL LANE,
                                  PETER BRIGHT and THE TOWN OF CANTON,
                                  By their attorneys,

                                  /s/ William P. Breen, Jr.
                                  William P. Breen, Jr., Esq., BBO # 558768
                                  Rebecca L. Andrews, Esq.,. BBO # 644846
                                  MURPHY, HESSE, TOOMEY & LEHANE, LLP
                                  300 Crown Colony Drive, Suite 410
                                  Quincy, MA 02169
                                  (617) 479-5000

Dated: March 14, 2005

**CERTIFICATION OF SERVICE**

The undersigned attorney hereby certifies that on this 14th day of March 2005, he served a copy of the foregoing document, via electronic filing, upon the following:

Jessica Hedges, Esq.
Hrones, Garrity and Hedges
Lewis Wharf - Bay 232
Boston, MA 02110

/s/ William P. Breen, Jr.
William P. Breen, Jr.
