UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC LOPILATO and ALFREDO LOPILATO,<br>    Plaintiffs,<br><br>v.<br><br>OFFICER MICHAEL LANK, OFFICER GLENN NIX, OFFICER ERROL LANE, CANTON POLICE CHIEF PETER BRIGHT, and THE TOWN OF CANTON,<br>    Defendants. | C.A. No. 05-10012-NG |

**MOTION TO AMEND COMPLAINT**

Now come the Plaintiffs in the above-entitled matter, and hereby move this Court for leave to amend the complaint to add an additional theory of liability under §1983.. As grounds therefore, the Plaintiffs state the following:

1. Discovery has revealed evidence of additional theories under which the Defendant is liable, specifically a claim of First Amendment retaliation.

2. The additional theory relates back to the original pleading as defined by Fed. R. Civ. P. 15(c).

3. No additional discovery would be required as the claim encompasses the same facts for which discovery has already been conducted.

4. The Defendants would not be prejudiced by this amendment.

5. The amendment is in the interest of justice.

1

                                        Respectfully submitted,
                                        Plaintiffs Marc Lopilato & Alfredo Lopilato,
                                        By their attorneys,

DATED: June 7, 2007        //s// Jessica D. Hedges
                                        Stephen B Hrones (BBO No. 242860)
                                        Jessica D Hedges (BBO No. 645847)
                                        Hrones, Garrity & Hedges, LLP
                                        Lewis Wharf-Bay 232
                                        Boston, MA 02110-3927
                                        T)617/227-4019

## CERTIFICATE OF SERVICE

    I, Jessica D. Hedges, hereby certify that, on this the 7th day of June, 2007, I served a copy of this document, where unable to do so electronically, by first-class, postage prepaid, to all attorneys of record.


                                        //s// Jessica D. Hedges
                                        Jessica D. Hedges

## LOCAL RULE 7.1 CERTIFICATION

    Undersigned counsel certifies that the parties have conferred and have attempted in good faith to resolve or narrow the issue.

                                        //s// Jessica D. Hedges
                                        Jessica D. Hedges

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
MARC LOPILATO and ALFREDO     )
LOPILATO,                      )    C.A. No. 05-10012-NG
    Plaintiffs,                )
                               )
v.                             )    **PROPOSED AMENDED COMPLAINT**
                               )
OFFICER MICHAEL LANK, OFFICER  )
GLENN NIX, OFFICER ERROL LANE, )
CANTON POLICE CHIEF PETER      )
BRIGHT, and THE TOWN OF CANTON,)
    Defendants.                )
_____)

## INTRODUCTION

1. This is an action for money damages on behalf of Plaintiffs Marc Lopilato and Alfredo Lopilato, arising out of the violation of their constitutional rights by Officer Michael Lank, Officer Glenn Nix, Officer Errol Lane, and Chief Peter Bright of the Canton Police Department. Plaintiffs also allege that the Town of Canton had a custom and policy of deliberate indifference to the rights of its citizens that resulted in the violation of Plaintiffs' constitutional rights. This action is brought pursuant to 42 U.S.C. §1983 and M.G.L. c. 12 §11(I).

## JURISDICTION

2. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and on the pendent jurisdiction of this court to entertain related claims arising under state law.

## PARTIES

3. Plaintiff Marc Lopilato is a resident of Norfolk County, Massachusetts.

4. Plaintiff Alfredo Lopilato is a resident of Norfolk County, Massachusetts.

1

5. Defendant Town of Canton is a municipality duly organized under the laws of the Commonwealth of Massachusetts.

6. Defendant Chief of Police, Peter Bright, was at all times relevant to this complaint Chief of the Canton Police Department, acting under color of law, and is sued as an individual and in his supervisory capacity as Police Chief. At all times material hereto, it was the responsibility of Defendant Bright to properly train, supervise, and discipline police officers at the Canton Police Department and to implement established law, policies, and regulations at the Canton Police Department.

7. Defendant Michael Lank was at all times relative to this complaint an employee of the Town of Canton Police Department and is sued in his individual capacity.

8. Defendant Errol Lane was at all times relative to the complaint an employee of the Town of Canton Police Department and is sued in his individual capacity.

9. Defendant Glenn Nix was at all times relative to the complaint an employee of the Town of Canton Police Department and is sued in his individual capacity.

## FACTS

10. On August 31, 2002, at approximately 12:45 a.m., Marc Lopilato was sitting in a friend's car in a parking lot outside the Golden China restaurant in Canton, Massachusetts.

11. Earlier that evening Marc Lopilato had been in a verbal dispute with several individuals including an individual by the name of Tim Albert.

12. Tim Albert's older brother, Chris Albert, is a childhood friend of Defendant Lank. Chris and Tim Albert had been drinking that evening at Centerfields Bar in Canton. Defendant Lank was drinking at Centerfields that evening as well.

13. While sitting in the car, Marc Lopilato noticed a group of several men leave Centerfields Bar and approach the car. At this time, Marc Lopilato exited the car.

14. He was then attacked by several of the men in the group, including Chris Albert.

15. After this attack, Marc Lopilato called his brother Alfredo Lopilato and informed him that he had been physically assaulted by a group of men.

16. Plaintiff Alfredo Lopilato left his girlfriend's house, where he had been sleeping, and came to the parking lot out of concern for his brother's well-being.

17. When Alfredo Lopilato arrived, he noticed Chris Albert, Tim Albert's brother. Alfredo knew Chris Albert, and thus approached him to inquire about the earlier dispute.

18. At this time, Defendant Lank came from the area in front of Centerfields Bar. He was swaying as he walked. At trial following this incident, Lank would admit that he drank "about four" beers in the two hours he was in Centerfields.

19. Defendant Lank approached the Plaintiffs as they approached Chris Albert. He began yelling that he was a police officer. His breath smelled strongly of alcohol. At the trial following the incident, Lank would testify that he activated himself as a police officer at this time.

20. Two other Canton Police Officers, Defendant Lane and Defendant Nix, arrived at the scene. Defendant Lank instructed them to handcuff Plaintiff Alfredo Lopilato. Defendant Nix handcuffed Alfredo Lopilato and placed him in the back of a police cruiser.

21. While the other officers were placing Alfredo Lopilato in the police cruiser, Defendant Lank approached Marc Lopilato, pushed him backwards, and then punched him, with a closed fist, on the side of his face.

22. Plaintiff Marc Lopilato fell to the ground.  Defendant Lank landed on top of him.

23. Defendant Lank continued to hit Marc Lopilato.

24. Defendant Lank then bit Plaintiff Marc Lopilato on the arm, breaking the skin.

25. Defendant Lane pulled Defendant Lank off of Marc Lopilato.  He did not ask Lopilato for any identifying information.  He simply told him to leave.

26. While Alfredo Lopilato was sitting, handcuffed, in the back of the cruiser Defendant Lank approached him and spit directly in his face.  Defendant Lank then asked Alfredo who "the other kid" was.  He then said, "whoever he is, I am going to make his life miserable."  Defendant Lank's speech was slurred and his breath smelled of alcohol.

27. After Defendant Lank spit in Alfredo Lopilato's face, Defendant Lane released him from the handcuffs.  Lopilato asked, "did you see him spit in my face?" Defendant Lane responded, "just get in your car and leave."

28. Defendant Lank drove away after the incident, despite his obvious intoxication.

29. The next morning, Saturday, August 31, 2002, Alfredo Lopilato went to the Canton police station to make a complaint with internal affairs on behalf of his brother and himself.  He was sent away, and told that he would have to come back on the following Tuesday, September 3, 2002, if he wanted to make a complaint.  Alfredo asked Marc if he would go to the police station on that date, as Alfredo would be working.

30. Police reports regarding the incident were not drafted or filed until September 2; this was only *after* Alfredo Lopilato went to the station on August 31 to complain about the conduct of the Defendant officers.

31. On the following Tuesday, September 3, 2002, Marc Lopilato went to the Canton Police Station to make a complaint on behalf of himself and his brother.  He spoke with a

4

Sergeant and described the officers' conduct during the incident. The Sergeant told him he would "get back to him" regarding his complaint. That evening, someone from the department called Alfredo and stated that she would look into the complaint. To this day, neither Marc nor Alfredo Lopilato has heard anything further from anyone in the Canton Police Department regarding the outcome of any investigation into their complaint.

32. Soon thereafter, both Marc and Alfredo Lopilato received a summons in the mail to appear in court on September 25, 2002. They had each had been charged with Assault and Battery on a Police Officer.

33. On the evening of February 6, 2003, Marc and Alfredo Lopilato went inside a Mobile gas station in Canton. Their other brother, Chris Lopilato, and several other individuals were waiting for them in a vehicle outside. Defendant Lank entered the store and asked Marc Lopilato how he was doing. He replied, "not so good…you attacked me, and now I am the one who has to go to court."

34. Marc and Alfredo Lopilato went outside to get in the vehicle. Suddenly several cruisers appeared. Defendant Lank then ordered Marc Lopilato to get into his cruiser. While in the cruiser, Defendant Lank asked, "can we talk about this now?" When Marc Lopilato did not reply, Defendant Lank placed him under arrest and instructed another officer to take him to the police station.

35. Lopilato was booked and held at the police station. He was released at 3:00 a.m., and arraigned the next morning on the following charges: Threatening, Disorderly Conduct, and Intimidation.

36. On October 23, 2003, after a three-day jury trial, Marc and Alfredo Lopilato were found not guilty of all charges arising out of the August 31, 2002 incident.

37. All of the charges arising out of the February 6, 2003 incident were dismissed at the arraignment that same morning. The Assistant District Attorney who handled the matters apologized to Marc Lopilato and stated that after the October trial he realized that Defendant Lank "was a liar."

38. As a result of the Defendants' conduct, Marc Lopilato suffered physical injuries, humiliation, embarrassment, and emotional distress. Alfredo Lopilato suffered humiliation, embarrassment, emotional distress, and economic losses.

### COUNT ONE
### VIOLATION OF 42 U.S.C. §1983
### BY DEFENDANTS LANK, NIX AND LANE

39. The Plaintiffs restate and re-allege Paragraphs 1 through 38 and incorporate said Paragraphs herein as Paragraph 39.

40. By the actions described in Paragraphs 1 through 38 herein, Defendants Lank, Nix and Lane, acting under color of law, violated Plaintiffs' rights:

   a.  To free speech and to petition the government for a redress of grievances, in violation of 42 U.S.C. §1983 and their rights under the First and Fourteenth Amendments;

   b.  To be free from excessive force and unlawful seizures, in violation of 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

### COUNT TWO
### VIOLATION OF 42 U.S.C. §1983
### BY DEFENDANT BRIGHT

41. The Plaintiffs restate and re-allege Paragraphs 1 through 40 and incorporate said Paragraphs herein as Paragraph 41.

42. By the actions described in Paragraphs 1 through 40 herein, Defendant Bright has, through his acts and omissions, shown a deliberate indifference to the Plaintiffs' constitutional rights and deprived the Plaintiffs of their constitutional right to free speech, to petition, and to be free from excessive force and unlawful seizures by:

   a. Failing to take advantage of easily available measures to ensure his officers did not engage in constitutional violations;

   b. Failing to adequately train his officers on the right to free speech, the right to petition, the use of force and on the guidelines for proper seizures;

   c. Failing to adequately train, supervise, discipline officers whom he knew were prone to violate the right to free speech, violate the right to petition, use excessive force and make illegal seizures;

   d. Tolerating a custom and practice in which officers violate the right to free speech, violate the right to petition, use excessive force and make improper seizures; and

   e. Failing to adequately investigate incidents where he knew officers violated the right to free speech, violated the right to petition, used excessive force and made improper seizures.

**COUNT THREE**
**VIOLATION OF 42 U.S.C. §1983**
**BY DEFENDANT TOWN OF CANTON**

43. The Plaintiffs restate and re-allege Paragraphs 1 through 42 and incorporate said Paragraphs herein as Paragraph 43.

44. By the actions described in Paragraphs 1 through 42 herein, the Defendant Town of Canton has demonstrated a custom and policy of deliberate indifference to the rights of its citizens by:

    a.    Failing to adequately train its officers on the right to free speech, the right to petition, the use of force and the guidelines for proper seizures;

    b.    Failing to adequately supervise and discipline officers who are prone to violate the right to free speech, violate the right to petition, use excessive force and make illegal seizures;

    c.    Tolerating a custom and practice in which officers violate the right to free speech, violate the right to petition, use excessive force and make improper seizures;

    d.    Failing to adequately investigate incidents where officers violate the right to free speech, violate the right to petition, use excessive force and make improper seizures.

## COUNT FOUR
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. c. 12, §11I
## BY ALL INDIVIDUAL DEFENDANTS

45. The Plaintiffs restate and re-allege Paragraphs 1 through 44 and incorporate said Paragraphs herein as Paragraph 45.

46. By the actions described in Paragraphs 1 through 44 herein, the Defendants violated the Plaintiffs' civil rights through threats, intimidation and coercion, in violation of M.G.L. c. 12, §11I.

**WHEREFORE**, Plaintiffs request that this Honorable Court:

    (1) Award compensatory damages against the Defendants jointly and severally;

    (2) Award punitive damages against Defendant police officers;

    (3) Award the costs of this action, including reasonable attorneys' fees; and,

    (4) Award such other and further relief as this Court deems necessary.

**JURY TRIAL DEMAND**

    A jury trial is hereby demanded for all claims.

                                Respectfully submitted,
                                Plaintiffs Marc Lopilato & Alfredo Lopilato,
                                By their attorneys,

DATED: June 7, 2007          //s// Jessica D. Hedges
                                Stephen B Hrones (BBO No. 242860)
                                Jessica D Hedges (BBO No. 645847)
                                Hrones, Garrity & Hedges, LLP
                                Lewis Wharf-Bay 232
                                Boston, MA 02110-3927
                                T)617/227-4019

**CERTIFICATE OF SERVICE**

    I, Jessica D. Hedges, hereby certify that, on this the 7th day of June, 2007, I served a copy of this document, where unable to do so electronically, by first-class, postage prepaid, to all attorneys of record.

                                //s// Jessica D. Hedges
                                Jessica D. Hedges