UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC LOPILATO and ALFREDO, ) <br> LOPILATO, ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> Officer MICHAEL LANK, Officer GLENN ) <br> NIX, Officer ERROL LANE, Canton Police ) <br> Chief PETER BRIGHT, and the TOWN OF ) <br> CANTON, ) <br> Defendants, ) <br> ) | C.A. NO. 05-10012 NG |

**JOINT PRE-TRIAL MEMORANDUM**

The parties respectfully submit the following Pretrial Memorandum.

**I.    Statement of the Evidence Parties Will Offer at Trial**

    **A.  Plaintiffs**

In the early morning hours of August 31, 2002, Marc Lopilato was beaten and bitten by defendant Michael Lank. Just before the assault, defendant Lank had been drinking in a local bar. After activating himself as a police officer he intervened in a conversation between plaintiffs and several of his childhood friends. He stated was a police officer and physically inserted himself between the parties. When Marc Lopilto, told him to get out of the way, defendant Lank "sucker punched" plaintiff Marc Lopilato, wrestled him to the ground and bit him on the arm, leaving severe bruising. Defendant officers Lane and Nix were present. Defendant Nix handcuffed Alfredo Lopilato at defendant Lank's request, and placed him in the back of a police cruiser.

Defendants Nix and Lane pulled defendant Lank away from Marc Lopilato. When Marc Lopilato asked defendant officer Lane if he saw what just happened,

defendant Lane stated, "Get the fuck out of here before I arrest you." Following the officer's orders, Marc Lopilato left. He had sustained a black eye and bruising. His arm was wounded with a deep bite mark.

Defendant Lank then approached the police cruiser where Alfredo Lopilato was being held and asked, "Whose your buddy?" Then Lank stated, "I am going to make your life miserable," and spit in Alfredo Lopilato's face. After approximately 45 minutes, Alfredo Lopilato was released.

The next day Alfiredo Lopilato went to the police station to make a complaint against the involved officers. He asked to speak with the lieutenant or captain, and was told to come back on Monday. He left his phone number. On the following Monday, Marc Lopilato went to the station to make a complaint. He spoke with a Sergeant, showed him his bite mark, and described the officers' conduct during the incident. The Sergeant told him he would "get back to him" regarding his complaint.

On the following Tuesday, Alfredo called the department and made another verbal complaint, and stated he wanted to come in and speak with someone. The officer with whom he spoke stated that she would look into it and get back to him. That evening, someone from the department called Alfredo and stated that she would look into the complaint. To this day, neither Marc nor Alfredo Lopilato has heard anything further from anyone in the Canton Police Department regarding an investigation into their complaints.

Instead, several days after making the complaint both Marc and Alfredo received a summons to appear in Stoughton District Court on charges of Assault and Battery on a Police Officer.

On the evening of February 6, 2003, while the charges arising out of the August 31, 2002 incident were pending, Marc and Alfredo Lopilato went inside a Mobile gas station in Canton. Their other brother, Chris Lopilato, and several other individuals were waiting for them in a vehicle outside. Defendant Lank entered the store and asked Marc Lopilato how he was doing. He replied, "not so good…you attacked me, and now I am the one who has to go to court." Marc and Alfredo Lopilato went outside to get in the vehicle. Defendant Lank then ordered Marc Lopilato to get into his cruiser. While in the cruiser, Defendant Lank asked, "can we talk about this now?" When Marc Lopilato did not reply, Defendant Lank placed him under arrest and instructed another officer to take him to the police station. Lopilato was booked and held at the police station. He was released at 3:00 a.m., and arraigned the next morning on charges of threatening, disorderly conduct, and intimidation.

On October 23, 2003, after a three-day jury trial, Marc and Alfredo Lopilato were found not guilty of all charges arising out of the August 31, 2002 incident. All of the charges arising out of the February 6, 2003 incident were dismissed. Since the incident the Lopilatos have been pulled over repeatedly for motor vehicle citations in Canton.

**B. Defendants**

The defendants expect the evidence to show that on August 31, 2002, the defendant, Lank worked a 12-8 shift on August 30, then worked a detail from 8-4 p.m. He went home, slept for a period of time and then went to a friend's house to attend a wake. He left the friend's house and went to Centerfields. He arrived there at approximately 10:30-11:00 p.m. He stayed there until closing time consuming 4-5 beers. While leaving the restaurant, he was asked by the owner, Jim Maranthas to drive another

3

patron home. He got into his truck and was about to leave when Chris Albert approached him. Mr. Albert was with his wife (Julie) and indicated that he had just got into a fight with Marc Lopilato and Marc had made threats against him. Officer Lank observed Mr. Albert's hand to be swollen.

While speaking with them, Officer Lank noticed a group of men coming down the street. Mr. Albert backed away and said it was Marc and his brother coming down the street. Officer Lank exited his truck and walked towards the Lopilatos. He identified himself as a police officer and told them that there would be no more fighting. The plaintiffs said they did not care if he was a police officer. Officer Lank held up his hands and got in between both groups. Marc and Alfredo began to slap at his hands. Marc then grabbed him and tried to push him. Officer Lank held on to Marc until they separated. Marc then punched Officer Lank striking him in the left ear. Officer Lank returned a blow and they began to wrestle and trade blows. He felt someone hitting him on the back of head and turned to see Alfredo Lopilato behind him.

At some point, the defendants, Nix and Lane arrived and the groups were separated. A decision was made to summons in Marc Lopilato as well as his brother, Alfredo Lopilato. Officer Lank contacted his supervisor that night who informed him that he could write his report when he returned to duty. (two days later) Officer Lank later completed his report and had the plaintiffs summonsed into court for assault and battery charges. A clerk's hearing was held and a complaint was issued.

During the pendency of the criminal charges, Officer Lank was on duty and went to the local Mobil mart for a drink. While in the store, the plaintiffs came in and began to make statements to him. ("you are a pussy", "you wanted no part of me that night", we

4

will get you") Officer Lank, initially, brushed their comments off and left the store. While in the parking lot, Marc Lopilato threatened him further. Officer Lank called for back up and placed Marc under arrest and charged him with disorderly conduct and intimidation of a witness. Marc was transported to the station by another officer.

Mr. Maranthas was the owner of Centerfields. He testified during the criminal trial that earlier in the evening (9:00), there was an altercation between the plaintiff, Marc Lopilato and Tim Albert. He called the police because Marc refused to leave the premises. The police arrived and the dispute was cleared up. He then testified that around 12:30 a.m he was outside his establishment talking with Officer Lank. He requested that Officer Lank drive another patron home because the patron had too much to drink. He testified that Lank did not appear intoxicated. At that point, he observed Tim Albert walk towards them and indicate that he was just in a fight with Marc Lopilato and that Marc had threatened to kill him. Maranthas testified that Lank told Albert to go to police station to file a complaint. He then observed a group of individuals walking towards them. Officer Lank exited his truck and walked towards the oncoming group. He identified himself as a police officer and said there would be no more fighting. Maranthas indicated that the plaintiff (Marc) said that they did not care if he was cop and a fight ensued. He called 911 from his cell phone. He did observe Marc Lopilato fighting with Lank. Officers arrived and the fight was broken up.

**II.   Stipulations of fact**

None.

**III.   Contested issues of fact**

At this time all facts are contested.

5

**IV.    Jurisdictional Issues**

    None

**V.    Questions Raised by Pending Motions**

    Defendants intend to file a motion to bifurcate.    Plaintiffs intend to oppose this motion.   Defendants also intend to file a motion in limine to exclude evidence of unrelated, unsubstantiated misconduct on the part of the officers.  Plaintiffs intend to oppose this motion.  Plaintiffs intend to file a motion to amend the complaint, adding an additional theory of recovery under §1983, namely that the Defendants violated the Plaintiffs First Amendment rights.

**VI.    Issues of Law Including Evidentiary Questions**

    None

**VII**.    **Requested Amendment to the Pleadings**

    None at this time.

**VIII.    Additional Matters to Aid the Disposition of this Action**

    None

**IX.    Probable Length of Trial by Jury**

    One week (of half days)

**X.    Plaintiffs Expected Trial Witnesses**

    a.  The parties to this action

    a.  Mark Hanley

    b.  Steve Alessi

    c.  Anthony DiVito

    d.  Jim Dagget

e. Tim Albert

f. Brendan Albert

g. James Young

h. Chris Albert

i. Peter Besani

j. Chris Dipitro

k. Officer Callery

l. Christopher Lopilato

m. Officer Paul Digiampitro

n. Officer Ted Lehan

o. Sergeant Kenneth Drinan

p. Julie Daniels

q. James Marathis

r. Sergeant Mark Ronayne

s. Gillian Daniels

t. Brian Dolan

u. Raymondo Brandao

v. Omar Sylvester

w. Sonia Cambria

x. Kimberly Ricci

y. Lt. Helena Findlen

z. Bob Nut, licsw

aa. Chief Kenneth Berkowitz

    bb. Officer Saraf

    cc. Officer O'Brien

    dd. Officer Eric Wade

**Defendants:**

In addition to the witnesses listed above, the defendants intend to call Ron Holman, Brockton, MA.

**XII.  Expert Witnesses**

None

**XIII.  Proposed Exhibits**

### Plaintiff

    a.    Photographs of Scene

    b.    Photographs of Injuries to Marc Lopilato

    c.    Incident Reports from 8/31/02 incident

    d.    Incident Reports from 2/6/03 incident

    e.    Booking sheets

    f.    Investigation reports and notes

    g.    Mental Health records for Marc Lopilato

    h.    Documents regarding fee paid to criminal defense attorney Timothy O'Connell

    i.    Documents regarding housing expenses incurred as a result of plaintiffs move from Canton

    j.    Criminal Dockets (03-0250 & 02-1813)

### Defendants

    a.    Dental records for Officer Michael Lank

Respectfully Submitted
Counsel for plaintiffs,

//s// Jessica D. Hedges
Jessica D. Hedges
BBO No. 645847
Hrones, Garrity & Hedges, LLP
Lewis Wharf–Bay 232
Boston, MA 02110
T) 617/227-4019

Counsel for Defendants:

/S/ James W. Simpson, Jr.
James W. Simpson, Jr. BBO#634344
Merrick, Louison & Costello, LLP.
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305