UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARC LOPILATO and ALFRED LOPILATO, <br>     Plaintiffs, <br><br> v. <br><br> OFFICER MICHAEL LANK, OFFICER GLENN NIX, OFFICER ERROL LANE, CANTON POLICE CHIEF PETER BRIGHT, and THE TOWN OF CANTON, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. 05-10012-NG |

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY CLAIM

Now come the Defendants, Officers Michael Lank, Glenn Nix, and Errol Lane, Canton Police Chief Peter Bright, and the Town of Canton, and answer the Plaintiffs' Amended Complaint as follows:

1. The Defendants do not respond to Paragraph 1 because the Plaintiffs do not allege material facts, but instead describe their intentions with respect to their purported causes of action and state conclusions of law to which no response is required. To the extent that a further response is required, the Defendants deny that they violated the Plaintiffs' constitutional rights, deny that the Town of Canton had a "custom and police of deliberate indifference to the rights of its citizens that resulted in the violation of Plaintiffs' constitutional rights," and otherwise leave the Plaintiffs to their proof.

2. The Defendants do not respond to Paragraph 2 because it states a conclusion of law to which no response is required. To the extent that a further response is required, the Defendants leave the Plaintiffs to their proof.

## JURISDICTION

3. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegation in Paragraph 3, and therefore leave the Plaintiffs to their proof.

4. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegation in Paragraph 4, and therefore leave the Plaintiffs to their proof.

5. The Defendants admit the allegation contained in Paragraph 5.

6. As to the allegations in Paragraph 6, the Defendants admit only that the Town of Canton employed Peter Bright as Chief of the Police Department at the time of the events alleged in the Complaint. The Defendants do not respond to the remainder in Paragraph 6 because it does not allege a material fact, but rather states conclusions of law to which no response is required. To the extent that a response may be required, the Defendants leave the Plaintiffs to their proof.

7. As to the allegations in Paragraph 7, the Defendants admit only that, at all times relevant to the Complaint, the Town of Canton employed Michael Lank as a Police Officer. The Defendants do not respond to the remainder in Paragraph 7 because it does not allege a material fact, but rather describes the Plaintiffs' intention with respect to the capacity in which the Plaintiffs have sued this Defendant.

8. As to the allegations in Paragraph 8, the Defendants admit only that, at all times relevant to the Complaint, the Town of Canton employed Errol Lane as a Police Officer. The Defendants do not respond to the remainder in Paragraph 8 because it does not allege a material fact, but rather describes the Plaintiffs' intention with respect to the capacity in which the Plaintiffs have sued this Defendant.

9. As to the allegations in Paragraph 9, the Defendants admit only that, at all times relevant to the Complaint, the Town of Canton employed Glenn Nix as a Police Officer. The Defendants do not respond to the remainder in Paragraph 9 because it does not allege a material fact, but rather describes the Plaintiffs' intention with respect to the capacity in which the Plaintiffs have sued this Defendants.

## FACTS

10. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 10, and therefore leave the Plaintiffs to their proof.

11. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 11, and therefore leave the Plaintiffs to their proof.

12. Denied in the express terms alleged. As to the allegations in Paragraph 12, the Defendants admit only that Chris Albert was a childhood friend of Michael Lank and further admit that Michael Lank was a patron at Centerfields on or around August 31, 2002. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 12, and therefore leave the Plaintiffs to their proof.

13. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 13, and therefore leave the Plaintiffs to their proof.

14. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 14, and therefore leave the Plaintiffs to their proof.

15. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 15, and therefore leave the Plaintiffs to their proof.

16. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 16, and therefore leave the Plaintiffs to their proof.

17. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 17, and therefore leave the Plaintiffs to their proof.

18. As to the allegations in Paragraph 18, the Defendants admit only that Michael Lank was in the area in front of Centerfields. The Defendants deny that Michael Lank was swaying as he walked. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 18, and therefore leave the Plaintiffs to their proof.

19. Denied in the express terms alleged. As to the allegations in Paragraph 19, the Defendants admit only that Michael Lank approached the Plaintiffs and identified himself as a police officer. Defendants deny that portion in Paragraph 19 that

alleges that Michael Lank's "breath smelled strongly of alcohol." The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore leave the Plaintiffs to their proof.

20. As to the allegations in Paragraph 20, the Defendants admit only that Errol Lane and Glenn Nix arrived at the scene of the incident and that Plaintiff Alfredo Lopilato was handcuffed and placed in a police cruiser. The Defendants deny the remaining allegations in Paragraph 20.

21. The Defendants deny the allegations in Paragraph 21.

22. The Defendants deny the allegations in Paragraph 22.

23. The Defendants deny the allegations in Paragraph 23.

24. The Defendants deny the allegations in Paragraph 24.

25. The Defendants deny the allegations in Paragraph 25.

26. The Defendants deny the allegations in Paragraph 26.

27. The Defendants deny the allegations in Paragraph 27.

28. As to the allegations in Paragraph 28, the Defendants admit only that Michael Lank later drove away. The Defendants deny the remaining allegations in Paragraph 28.

29. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 29, and therefore leave the Plaintiffs to their proof.

30. The Defendants deny the allegations contained in Paragraph 30.

31. As to the allegations contained in Paragraph 31, the Defendants admit only that a Canton Police Sergeant spoke with Plaintiff Marc Lopilato at the Canton Police Station on or about September 3, 2002. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 31, and therefore leave the Plaintiffs to their proof.

32. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 32, and therefore leave the Plaintiffs to their proof.

33. The Defendants deny the allegations in Paragraph 33.

34. Denied in the express terms alleged. As to the allegations contained in Paragraph 34, the Defendants admit only that the Plaintiffs went outside, that additional police cruisers arrived on the scene, and that Marc Lopilato was placed under arrest. The Defendants deny the remaining allegations contained in Paragraph 34.

35. As to the allegations in Paragraph 35, the Defendants admit only that Marc Lopilato was booked and held at the Canton Police Station. The Defendants deny the portion in Paragraph 35 that alleges that Marc Lopilato was released at 3:00 a.m. Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 35, and therefore leave the Plaintiffs to their proof.

36. Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 36, and therefore leave the Plaintiffs to their proof.

37. The Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 37, and therefore leave the Plaintiffs to their proof.

38. Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 38, and therefore leave the Plaintiffs to their proof.

### COUNT ONE:
### VIOLATION OF 42 U.S.C. § 1983
### BY DEFENDANTS LANK, NIX, AND LANE

39. The Defendants hereby incorporate and make their responses to Paragraphs 1-38 their response to Paragraph 39 as if fully set forth herein.

40. The Defendants deny the allegations contained in Paragraph 40.

WHEREFORE, the Defendants respectfully move the Court to dismiss the Plaintiffs' Complaint, to enter Judgment in favor of the Defendants, to afford the Plaintiffs no relief, and to award the Defendants their recoverable costs, expenses, and attorneys' fees.

### COUNT TWO:
### VIOLATION OF 42 U.S.C. § 1983
### BY DEFENDANT BRIGHT

41. The Defendants hereby incorporate and make their responses to Paragraphs 1-40 their response to Paragraph 41 as if fully set forth herein.

42. The Defendants deny the allegations contained in Paragraph 42.

WHEREFORE, the Defendants respectfully move the Court to dismiss the Plaintiffs' Complaint, to enter Judgment in favor of the Defendants, to afford the

Plaintiffs no relief, and to award the Defendants their recoverable costs, expenses, and attorneys' fees.

## COUNT THREE:
## VIOLATION OF 42 U.S.C. § 1983
## BY DEFENDANT TOWN OF CANTON

43.  The Defendants hereby incorporate and make their responses to Paragraphs 1-42 their response to Paragraph 43 as if fully set forth herein.

44.  The Defendants deny the allegations contained in Paragraph 44.

WHEREFORE, the Defendants respectfully move the Court to dismiss the Plaintiffs' Complaint, to enter Judgment in favor of the Defendants, to afford the Plaintiffs no relief, and to award the Defendants their recoverable costs, expenses, and attorneys' fees.

## COUNT FOUR:
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. c. 12, § 11I, BY ALL INDIVIDUAL DEFENDANTS

45.  The Defendants hereby incorporate and make their responses to Paragraphs 1-44 their response to Paragraphs 45 as if fully set forth herein.

46.  The Defendants deny the allegations contained in Paragraph 46.

WHEREFORE, the Defendants respectfully move the Court to dismiss the Plaintiffs' Complaint, to enter Judgment in favor of the Defendants, to afford the Plaintiffs no relief, and to award the Defendants their recoverable costs, expenses, and attorneys' fees.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint does not state a claim against Michael Lank, Glen Nix, Errol Lane, Peter Bright, or the Town of Canton upon which relief can be granted.

### SECOND DEFENSE

The Complaint does not state a claim upon which relief can be granted because Michael Lank, Glen Nix, Errol Lane, Peter Bright, and Town of Canton are not liable to Plaintiffs for any amount of damages alleged.

### THIRD DEFENSE

Defendants Michael Lank, Glenn Nix, Errol Lane, and Peter Bright are entitled to qualified immunity.

### FOURTH DEFENSE

Defendants Michael Lank, Glenn Nix, and Errol Lane were privileged in their use of force, and, therefore, the Plaintiffs are barred from recovering damages.

### FIFTH DEFENSE

The Defendants state that they were justified in their conduct and acts and, therefore, are not liable to the Plaintiffs as alleged in the Complaint.

### SIXTH DEFENSE

Defendants Michael Lank, Glenn Nix, and Errol Lane state that they defended themselves and/or others with reasonable and necessary force, and, therefore, the Plaintiffs are barred from recovering damages.

## SEVENTH DEFENSE

The Defendants' conduct was consistent with and protected by law and/or legal process, and, therefore, the Plaintiffs are barred from recovering damages.

## EIGHTH DEFENSE

At the time of the incidents alleged, the Plaintiffs were acting in violation of applicable law, and, therefore, their claims are barred.

## NINTH DEFENSE

The Plaintiffs are estopped from recovering damages by their own wrongful conduct, which was a substantial factor in causing their alleged incident and injuries.

## TENTH DEFENSE

The Plaintiffs failed to reasonably mitigate their alleged damages.

## ELEVENTH DEFENSE

The Plaintiffs failed to file their complaint within the time allowed by the statute of limitations.

**JURY DEMAND**

The Defendants hereby demand a trial by jury on all triable issues.

> The defendants, OFFICERS
> MICHAEL LANK, GLEN NIX, and
> ERROL LANE, POLICE CHIEF
> PETER BRIGHT, and THE TOWN
> OF CANTON,
> By their attorneys,
>
> /s/ Douglas I. Louison
> Douglas I. Louison BBO# 545191
> Stephen C. Pfaff BBO# 553057
> Valerie A. McCormack BBO# 661460
> Merrick, Louison & Costello, L.L.P.
> 67 Batterymarch Street
> Boston, MA  02110
> (617) 439-0305

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 16th day of August 2007, I caused the foregoing **Defendants' Answer to the Amended Complaint** to be served via electronic filing to the attorneys of record:

Stephen B. Hrones
Jessica D. Hedges
Michael L. Tumposky
Hrones, Garrity & Hedges, L.L.P.
Lewis Wharf – Bay 232
Boston, MA  02110-3927

> /s/ Douglas I. Louison
> Douglas I. Louison