UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC LOPILATO and ALFREDO, ) LOPILATO, ) Plaintiffs ) ) v. ) ) Officer MICHAEL LANK, Officer GLENN ) NIX, Officer ERROL LANE, Canton Police ) Chief PETER BRIGHT, and the TOWN OF ) CANTON, ) Defendants, ) ) | C.A. NO. 05-10012 NG |

## <u>DEFENDANTS' PROPOSED JURY INSTRUCTIONS</u>

The defendants, Peter Bright, Errol Lane, Glenn Nix, Michael Lank and Town of Canton, submit the following as their proposed jury instructions.

Defendants,
By their attorneys,


/s/ Valerie A. McCormack
Douglas I. Louison, BBO# 545191
Valerie A. McCormack, BBO# 661460
MERRICK, LOUISON & COSTELLO
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of October, 2007, I served the foregoing by causing a copy to be filed electronically as well as mailed, postage prepaid, directed to plaintiffs' counsel.

s/ Valerie A. McCormack
Valerie A. McCormack

## INSTRUCTION NO.  1

### <u>Section 1983- Complaint</u>

The plaintiff's case is presented to the Court in the form of a complaint.  The complaint is brought under a federal law that is known as Section 1983 of Title 42 of the United States Code.  That law provides that any person may seek redress in this court by way of damages against any person or person who, under color of law, knowingly subjects such person to the deprivation of a right protected by the United States Constitution.  In this instance the Plaintiffs' Complaint alleges that the plaintiffs' were deprived of their rights to free speech, to petition, to be free from unlawful seizures and excessive force pursuant to the United States Constitution.

**INSTRUCTION NO.  2**

**Burden of Proof**

For the defendants to be liable, the plaintiffs have the burden of proving by a preponderance of the evidence that whatever injuries they suffered were proximately caused by the conduct of the defendants.  That is, you cannot find that the defendants violated the plaintiff's constitutional rights unless you find that there is a sufficient causal connection between the defendants' acts and the alleged injuries.  <u>Fernandez v. Chardon</u>, 681 F.2d 42, 55 (1st Cir. 1982), <u>Rizzo v. Goode</u>, 443 U.S. 362, 371 (1976).

**INSTRUCTION NO. 3**

**Burden of Proof- Elements**

The plaintiffs have the burden of proving by a preponderance of the evidence that the defendants violated their constitutional rights.  To find this, you must be convinced that each element of the charges the plaintiffs bring more likely than not occurred as they described.

**INSTRUCTION NO.  4**

**State of Mind- General**

In order for the plaintiffs to establish that they were deprived of a federal right under Section 1983, they must also show that the defendants acted intentionally or recklessly.  If you find that the acts of the defendant officers were merely negligent, then, even if you find that the plaintiff were injured as a result of those acts, you must return a verdict for the defendant officers.  5 L. Sand et al., Modern Federal Jury Instructions: Civil, Section 87.03, Instruction No. 87-75 (1998); City of Canton v. Harris, 489 U.S. 378, 388-90 (1989); Daniels v. Williams, 474 U.S. 327, 336 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986).

**INSTRUCTION NO.  5**

**Section 1983- Intentional**

An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, accident or negligence.  In determining whether the defendant officers acted with requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done; what the people involved said was in their minds, and your belief or disbelief with respect to those facts.  5 L. Sand et al., Modern Federal Jury Instructions; Civil, Section 87.03, Instruction No. 87-76.

## INSTRUCTION NO.  6

### Qualified Immunity- Public Official

A public official has a qualified immunity and is thereby shielded from liability for civil damages if his conduct does not violate clearly established federal constitutional rights of which a reasonable person would have knowledge.  Harlow v. Fitzgerald, 457 U.S. 800 (1982); Anderson v. Creighton, 483 U.S. 635, 107 S. Ct. 3034 (1987).

## INSTRUCTION NO.  7

### <u>Qualified Immunity- Deprivation</u>

To evaluate whether or not the defendants have qualified immunity, you must "first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether the right was clearly established at the time of the alleged violation." <u>Wilson v. Lane</u>, 119 S. Ct. 1692, 1697 (1999).

# INSTRUCTION NO.  8

## <u>Qualified Immunity- Reasonable Conduct</u>

The law grants governmental officials qualified immunity if their conduct is reasonable in light of clearly established statutory or constitutional law.  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982).  Even if the law is clearly established, you must still examine all the facts to determine if the conduct of the defendants was reasonable. <u>Anderson v. Creighton</u>, 483 U.S. 635, 107 S. Ct. 3034 (1987).

If you find that the defendants' conduct was reasonable in light of the law and particular facts then you must return a verdict for the defendants.

**INSTRUCTION NO. 9**

**<u>Qualified Immunity- Mistake</u>**

"The qualified immunity standard give ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." <u>Hunter v. Bryant</u>, 116 L.Ed. 589 (1991).

**INSTRUCTION  NO. 10**

**Section 1983- Custom & Usage**

The phrase "custom or usage" appearing in Section 1983 means practices of city officials or employees that are permanent and well settled, that is, the way things are done.  Monell v. City of New York Dep't of Social Servs., 436 U.S. 658, 691 (1978); Roma Constr. Co. v. Russo, 96 F.3d 566, 575 (1st Cir. 1996); Kibbe v. City of Springfield, 777 F.2d 801, 806 (1st Cir. 1985), cert. dismissed as improvidently granted, 480 U.S. 257 (1987). Tedeschi v. Reardon, 5 F.Supp.2d 40, 47 (D.Mass. 1998).

### INSTRUCTION NO. 11

### <u>Municipal Immunity</u>

Section 10 of Chapter 258 provides specific immunities from civil suits to municipal defendants, the following of which are applicable to the facts here:

§10(b), any claim based upon the exercise of performance or the failure to exercise or perform a discretionary function or duty on the part of a public employee, acting within the scope of his office or employment whether or not the discretion involved is abused;

(h) any claim based upon the failure to establish a police department...or if police protection was provided, <u>for failure to provide adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes...</u> (Emphasis added)

**INSTRUCTION NO. 12**

**Deprivation of Right- Excessive Force**

The plaintiffs claim that the defendant officers violated their rights to be free from the use of excessive force against him.

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force.  A law enforcement official may employ only the amount of force necessary under the circumstances.

To determine whether the defendant officers' alleged acts caused the plaintiffs to suffer a loss of a federal right, you must determine whether the amount of force used against them was that which a reasonable officer would have employed under similar circumstances.  The reasonableness inquiry asks whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting them at the time.  The determination should be made without regard to the officers' underlying intent or motivation.  You should however, take into account the severity of the alleged crime at issue, whether the plaintiffs posed an immediate threat to the safety of the officers or others, and whether the plaintiffs actively resisted the defendant officers or attempted to evade them by flight.

## INSTRUCTION NO. 13

### Deprivation of Right- Excessive Force

A police officer has a right to use reasonable force to defend themselves if they reasonably believe that they may be in imminent danger of bodily harm.  The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split second judgments in circumstances that are tense, uncertain, and rapidly evolving – about the amount of forces that is necessary in a particular situation.  If you find that the plaintiff suffered only a minor physical injury, without more, is insufficient to support an inference that a police officer used inordinate or excessive force to effect an arrest.  Although you must focus on the reasonableness of the defendant officers' actions, you  do not have to determine whether the officers had less intrusive alternatives available, for the officers need only to have acted within the range of conduct identified as reasonable.  Graham v. Connor, 490 U.S. 386 (1989); Alexis v. McDonald's Rests. Of Mass., Inc.,  67 F. 3d 341 (1st Cir. 1994); Tatro v. Kervin, F. 3d 9, 14-15 (2st Cir. 1994); Dean v. City of Worcester,  925 F. 2d 364 (1st Cir. 1991); Commonwealth v. Martin, 269 Mass. 640 (1976).

**INSTRUCTION NO. 14**

**Use of Force- Factors**


       Four factors should be considered in determining whether the officers violated the plaintiffs' constitutional rights:

1. The need for the application of the force;
2. The relationship between the need and the amount of the force that was used;
3. the extent of the injury inflicted; and
4. whether the force was applied in good faith effort to have effectuated the arrest or maliciously or sadistically for the very purpose of causing harm.

Davis v. Forrest, 768 F.2d 256 (1985).

**INSTRUCTION NO. 15**

**<u>Deprivation of Right- Excessive Force</u>**

The Defendants in their capacity as police officers were entitled to use force to protect themselves and to effectuate the arrest and custody of the plaintiffs.  <u>Commonwealth v. Klein</u>, 372 Mass. 823 (1977).

**INSTRUCTION NO. 16**

**<u>Use of Force – Justification</u>**

"The use of force must not only be intentional but also unjustified.  Conversely, if the use of force is justified though intentional, there is no battery." Nolan, Criminal Law, 32 Mass. Prac. Section 322 at 173, citing <u>Commonwealth v. Randall</u>, 70 Mass. 36 (1855) and <u>Commonwealth v. Cooky</u>, 72 Mass. 350 (1856).

A police officer is justified in using such force as necessary to overcome the resistance offered by one being lawfully arrested.  <u>Powers v. Sturtevant</u>, 199 Mass. 265 (1908).  Thus, a police officer is justified or privileged to use force in making a lawful arrest, <u>Id</u>, and cannot be held liable for assault and battery.

## INSTRUCTION NO. 17

### Use of  Force- Reasonableness

In order to determine whether the defendants violated the plaintiffs' Fourth Amendment constitutional rights, you must decide whether or not the defendants' use of force was reasonable. Graham v. Connor, 490 U.S. 386, 396 (1989).

**INSTRUCTION NO. 18**

**<u>Excessive Force – Standard</u>**

With respect to a claim of excessive force, the standard of reasonableness at the moment the force is used applies.  <u>Shulz v. Long</u>, 44 F.3d 643 (8th Cir. 1995).

**INSTRUCTION NO. 19**

**<u>Use of  Force- Reasonableness</u>**

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than the 20/20 vision of hindsight. <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989).

**INSTRUCTION NO. 20**

**Use of Force- Liability under Section 1983**

The reasonableness or excessiveness of the force necessary is a matter to be determined in the light of the circumstances as they appear to the officer at the time of the arrest; and juries are not to substitute their own judgment (as a "Monday morning quarterback") for the official discretion of the functionary in the front line, when such discretion if exercised reasonable. Force thus found to be reasonable or not excessive under the circumstances is deemed to be in conformity with, and not in contravention of, due process of law; and hence does not create liability under 42 U.S.C. Section 1983.  Samuel v. Busnuck, 423 F. Supp. 99 (1976).

## INSTRUCTION NO.  21

### <u>Use of Force- Totality of the Circumstances</u>

"[N]ot every push or shove even if it may later seem unnecessary in the peace of a judge's chambers" will violate the Fourth Amendment.  <u>Graham v. O'Connor</u>, 1872, quoting, <u>Johnson v. Glick</u>, 481 F. 2d 1028, 1033 (2nd Cir. 1873); see also <u>Bibbo v. Mulhern</u>, 621 F. Supp. 1018, 1023-24 (D. Mass. 1985) ("Where the plaintiff's allegations are of improper and excessive use of force by the police in effecting an arrest, the inquiry into whether the allegations describe a constitutional tort focuses on the reasonableness of the seizure viewed under the totality of circumstances").

## INSTRUCTION NO. 22

## **Excessive Force - Amount of Force**

Every push and shove does not amount to a constitutional violation.  See, Roy v. Inhabitants of the City of Lewistown, et al., F.3d   (Dec. 21, 1994)  Paul v. Davis, 42 U.S. 693, 699-701 (1976); Meredith v. State of Arizona, 532 F. 2d 481, 483 (9th Cir. 1975); O'Grady v. City of Montpelier, 573 F. 2d 747, 751 (2nd Cir. 1978); Reed v. Philadelphia Housing Authority, 372 F. Supp. 686, 689-692 (E.D. Pa., 1974); Suits v. Lynch, 437 F. Supp. 38, 40 (D. Kan., 1977); Donahue v. Maynard, 437 F. Supp. 49 (D. Kan., 1977); Fisher v. Turner, 335 F. Supp. 557 (D. Utah, 1972); See, Howell v. Cataldo, 464 F. 2d 272, 282 (3rd Cir. 1972).

INSTRUCTION NO.  23

**Excessive Force**


The test you are to use to determine if the force used in this case was excessive in this:
pay careful attention to the facts and circumstances, including the severity, or lack of severity, of
the alleged crime in issue; whether the person against whom the force was used posed an
immediate threat to the safety of the police or others; and whether the person against whom the
force was used was actively resisting arrest or attempting to evade arrest by flight (trying to get
away). You must weigh together all of these three factors to determine whether or not the force
used was or was not excessive.  Graham v. Connor, 490 U.S. 386, 396 (1989).

**INSTRUCTION NO.  24**

**<u>Use of Force - Arrest</u>**

An officer authorized to make an arrest may use 'such force as is reasonably necessary to effect the arrest.  <u>Julian v. Randazzo</u>, 380 Mass. 391, 396 n. 1, 403 N.E.2d 931 (1980).

**INSTRUCTION NO. 25**

**<u>Unlawful Seizure</u>**

The "constitution does not guarantee that only the guilty will be arrested."  <u>Baker v. McCollan</u>, 443 U.S. 137, 145 (1979).

**INSTRUCTION NO. 26**

**<u>Unlawful Arrest - Continued Detention</u>**

"A police officer's initial finding of probable cause justifies not only arrest, but a reasonable period of continued detention..."  <u>Thompson v. Olsen</u>, 79 Fed. 2d 552 (1986).

**INSTRUCTION NO. 27**

**<u>Unlawful Arrest - Probable Cause</u>**

The issue with regard to false arrest is not whether there has been a finding of guilt beyond a reasonable doubt, but whether the arresting officer had probable cause at the time he made the arrest.  <u>Earle v. Benoit</u>, 850 Fed. 2d 836 (1st Cir. 1988).

Mere alleging a finding of not guilty does not state a Fourth Amendment claim.

**INSTRUCTION NO. 28**

**Probable Cause**

The determination of probable cause is a "practical non-technical conception affording the best compromise that has been found for accommodating... often opposing interests. Requiring more would unduly hamper law enforcement". <u>Beck v. Ohio</u>, 379 U.S. 91 (1964).

## INSTRUCTION NO. 29

### <u>Probable Cause - Reasonableness</u>

Probable cause exists where the facts and circumstances in the arresting officer's knowledge and of which they have reasonably trust worthy information, are sufficient to warrant a man of reasonable caution in believing that an offense has been committed.  <u>U.S. v. Klein</u>, 522 Fed. 2d 296 (1st Cir. 1975).

**INSTRUCTION NO. 30**

**Probable Cause - Timing**

The existence of probable cause is based on facts and circumstances known at the time of the arrest rather then in hindsight. <u>Burke v. Town of Walpole</u>, 405 F.3d 66 (1st Cir. 2005); <u>Roche v. John Hancock Mutual Life Ins. Co.</u>, 81 F.3d 249 , 254 (1st Cir. 1996).

## INSTRUCTION NO. 31

## **Probable Cause - Degree of Certainty**

The exact degree of certainty required to establish probable cause is difficult to quantify; it fails somewhere between "bare suspicion" and what would be needed to justify conviction. <u>Burke v. Town of Walpole</u>, 405 F.3d 66 (1st Cir. 2005); <u>Valente v. Wallace</u>, 332 F.3d 30 (1st Cir. 2003).

**INSTRUCTION NO.  32**

**Probable Cause**

"Probable cause determinations are, virtually by definition, preliminary and tentative." <u>Acosta v. Ames Dep't Stores, Inc.</u>, 386 F.3d 5, 11 (1st Cir. 2004); <u>Burke v. Town of Walpole</u>, 405 F.3d 66 (1st Cir. 2005).

**INSTRUCTION NO.  33**

**Failure to Train Employees**

In this case, the plaintiffs have alleged that the city failed to train its employees adequately. In order to find the city responsible based upon its training of the individual defendants, you must find that the failure to train was a deliberate or conscious choice by the city, that is, it was a policy of the city. <u>City of Canton, Ohio v. Harris</u>, 489 US 378 (1989).

**INSTRUCTION NO.  34**

**Failure to Train Employees**

In order for you to find that the city's failure to train was a deliberate or conscious choice, that is, a policy, you must find that the need for training the defendants in order to avoid the conduct that caused the plaintiff's injury was obvious, and that the failure to provide such training was so likely to result in the conduct that caused the injury that the policymakers of the city were deliberately indifferent to the need for training. City of Canton, Ohio v. Harris, 489 US 378 (1989).

**INSTRUCTION NO.   35**

**<u>Failure to Train Employees</u>**

In order for you to find that the city was liable for lack of training its employees, it is not enough that the plaintiff's injury could have been avoided if the defendant had received more or better training sufficient to have avoided the injury-causing conduct, and it also is not enough that the training program was administered negligently.  <u>City of Canton, Ohio v. Harris</u>, 489 US 378 (1989).

**INSTRUCTION NO.  36**

**Failure to Train Employees**

You may find that the city failed to train its employees adequately, even if you find that the conduct of the individual defendants that demonstrated failure of training occurred in a single event, if you find evidence of the policy other than the event and if you find concerted action by more than one employee. Bordanaro v. McLeod, 871 F.2d 1151, 1157 (1st Cir.), cert. denied sub nom. Everett v. Bordanaro, 493 U.S. 820 (1989).

**INSTRUCTION NO.  37**

**Supervisory Liability**

In order to hold the defendant's supervisor liable, the plaintiffs must prove that [his/her] conduct or inaction amounted to a reckless or callous indifference to the constitutional rights of the plaintiffs and that there was an affirmative link between the conduct of the other defendants and the defendant's conduct or inaction.  Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 91-92 & n.4 (1st Cir. 1994); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989). See also Camilo-Robles v. Zapata, 175 F.3d 41, 43-44 (1st Cir. 1999).

**INSTRUCTION NO.  38**

**MCRA- Definition**

In Count I of the Complaint, the plaintiffs allege that the defendants violated the Massachusetts Civil Rights Act which provides, in pertinent part, any person whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of the Commonwealth, has been interfered with, or attempted to be interfered with, by any person by means of threats, intimidation or coercion, may bring an action for money damages.  G.L. c.12, §11I.

**INSTRUCTION NO.  39**

**MCRA- Elements**

In order to prevail on a claim under the Massachusetts Civil Rights Act, the plaintiffs must prove by a preponderance of the evidence the following three elements:

1.   Their exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth;
2.   Has been interfered with, or attempted to be interfered with, by the defendants; and
3.   The interference or attempted interference was by threats, intimidation or coercion.

Swanset Development Corp. v. City of Taunton, 423 Mass. 390, 395 (1996); Sarvis v. Boston Safe Deposit & Trust Company, 47 Mass. App. Ct. 86, 91 (1999).

## INSTRUCTION NO.  40

### MCRA- Connotation

The Massachusetts Civil Rights Act protects rights secured by the Constitution or laws of the United States or rights secured by the Constitution or laws of this Commonwealth, only against interference or attempted interference "by threats, intimidation or coercion".  Those words must be applied according to their natural connotation, that of forcing submission by conduct calculated to frighten, harass or humiliate.  Pheasant Ridge Associates, Ltd. Partnership v. Town of Burlington, 399 Mass. 771, 781 (1987); Smith v. Longmeadow, 29 Mass. App. Ct. 599, 603 (1990).

**INSTRUCTION NO.  41**

**MCRA- Standard**

When considering whether the defendants threatened, intimidated or coerced the plaintiffs, you are to consider the issue with an objective standard, that is, whether a reasonable person in the plaintiffs' circumstances would be threatened, intimidated, or coerced by the defendants' conduct.  Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467, 474-75 (1994).  See also, Tedeschi v. Reardon, 5 F.Supp.2d 40, 46 (D. Mass. 1998).

## INSTRUCTION NO.  42

### MCRA- Deprivation Element

The second element the plaintiffs must prove is that they were deprived by the defendant of rights, privileges, or immunities secured and protected by the Constitution and laws of the United States. This element has two subparts, each of which must be proved by a preponderance of the evidence:

1. you must determine whether there has been a deprivation of a federally protected right; and 2. you must determine whether the defendant's conduct was causally connected to the deprivation. Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); United States v. Price, 383 U.S. 787, 794 (1966); Alexis v. McDonald's Rests. of Mass., 67 F.3d 341, 351 (1st Cir. 1995); Wagenmann v. Adams, 829 F.2d 196, 209 (1st Cir. 1987).

**INSTRUCTION NO.  43**

**MCRA- Municipal Liability**

In order for you to find that the Town is liable to the plaintiffs, you must find by a preponderance of the evidence:

1)  that the actions of the individual defendants were done in accordance with a custom or policy of the city; and

2)  that those actions caused the deprivation of the plaintiff's rights. Put another way, the plaintiff must demonstrate by a preponderance of the evidence that through its deliberate conduct, the municipality was the moving force behind the injury alleged.

Thus, the plaintiff must prove that the city caused the constitutional violation by showing the existence of a policy or custom and by showing a causal link between that policy or custom and the constitutional violation.  City of Canton, Ohio v. Harris, 489 U.S. 378 (1989); Santiago v. Fenton, 891 F.2d 373, 381 (1989). See also Fletcher v. Town of Clinton, 196 F.3d 41, 55 (1st Cir. 1999).

## INSTRUCTION NO.  44

### <u>Damages - Violation Required</u>

If you find the defendants did not violate the plaintiffs' constitutional rights, then you may not assess any damages.  <u>Ortiz v. Burgos</u>, 807 F. 2d 6 (1st  Cir. 1986).

**INSTRUCTION NO.   45**

**Compensatory Damages**

If you find that the plaintiffs suffered no injury, no compensatory damages can be awarded.  <u>Memphis County School District v. Stachura</u>, 477 U.S. 299, 106 S. Ct. 25, 37 (1986).

**INSTRUCTION NO.  46**

**Compensatory Damages - Constitutional Deprivations**

If you find that the plaintiffs" rights were violated, you can award compensatory damages only if you find actual injury caused by the constitutional deprivations.  <u>Carey v. Piphus</u>, 435 U.S. 247 (1987).

**INSTRUCTION NO.  47**

**Damages - Violations of Constitutional Rights**

You may not award any damages to the plaintiffs based on loss or damage they sustained for their constitutional rights.  You may only award damages which were caused to them for violations of their constitutional rights and nothing else.  Ortiz v. Burgos, 807 F. 2d 6 (1st Cir. 1986).

## INSTRUCTION NO.  48

### <u>Damages - Unintended Conduct</u>

If you find that the plaintiff's injuries were the result of unintended conduct by the defendants, you may not award damages for any injuries resulting from such conduct.

<u>Daniels v. Williams</u>, 474 U.S. 335 (1986); <u>Williams v. City of Boston</u>, 7784 F. 2d 430, (1st Cir. 1986).

**INSTRUCTION NO. 49**

**Compensatory Damages - Elements**

Damages based on the abstract "value" or "importance" of constitutional rights are not a permissible element of compensatory damages in Sec. 1983 cases.  Memphis Community School District v. Stachura, 477 U.S. 299, 106 S. Ct. 25, 37 (1986).

**INSTRUCTION NO.  50**

**Compensatory Damages**

In considering the issue of plaintiffs'' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of evidence as full, just and reasonable compensation for all of the plaintiffs' damages, no more and no less.  Damages must not be based on speculation or sympathy because it is only actual damages - what the law calls compensatory damages - that are recoverable.

**INSTRUCTION NO.  51**

**<u>Punitive Damages</u>**

You have the discretion to assess punitive damages in an action under 42 U.S.C. Sec. 1983 and M.G.L. c. 12 § 11H if and only if you find the police officer's conduct to have been motivated by evil motive or intent, or that it involved reckless or callous indifference to the rights of the plaintiff.  <u>Smith v. Wade</u>, 461 U.S. 30, 103 S. Ct. 1625 (1983); <u>Larez v. City of Los Angeles</u>, 946 F.3d 630 (9th Cir. 1991). Moreover, punitive damages may not be awarded where actual damages suffice to deter a defendant's wrongdoing.  <u>Rosado v. Santiago</u>, 562 F. 2d 114, 121 (1st Cir. 1977).