UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC LOPILATO and ALFREDO LOPILATO,<br>  Plaintiffs,<br><br>v.<br><br>OFFICER MICHAEL LANK, OFFICER GLENN NIX, OFFICER ERROL LANE, CANTON POLICE CHIEF PETER BRIGHT, and THE TOWN OF CANTON,<br>  Defendants. | C.A. No. 05-10012-NG |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO BIFURCATE ISSUES AT TRIAL**

Now come the Plaintiffs and request that this Honorable Court deny Defendants' Motion to Bifurcate Issues at Trial in the above captioned matter. As grounds therefore, the Plaintiffs submit the following memorandum of law.

**ARGUMENT**

**I.   THE DEFENDANTS' HAVE FAILED TO DEMONSTRATE THAT BIFURCATION IS NECESSARY**

Rule 42 of the Federal Rules of Civil Procedure empowers this Court to bifurcate a trial only if such an action would be "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P 42. The party seeking bifurcation, however, has the burden of demonstrating that judicial economy would be promoted and that no party would be prejudiced by separate trials. Spectra-Physics Lasers v. Uniphase, 144 F.R.D. 99, 101 (N.D. Cal. 1992). The decision is left to the discretion of the court. Gardco Mfg. v. Herst Lighting, 820 F.2d 1209, 1212 (Fed. Cir. 1987). Under the

1

standards set forth in Fed. R. Civ. P. 42(b), the Defendants have failed to meet their burden and the Court should deny the motion.

### A. THE DEFENDANTS HAVE FAILED TO SHOW HOW JUDICIAL ECONOMY WILL BE SERVED BY BIFURCATION

Bifurcation of the issues in this case is contrary to the interests of judicial economy in this case. A single trial would be the most efficient use of judicial resources. Plaintiffs will argue at trial that the individual defendants violated plaintiffs' under the First, Fourth and Fourteenth Amendments. It will argue that Defendant Bright and the Town of Canton had a custom and policy of failing to investigate such misconduct, thus demonstrating deliberate indifference to it.

The Town's only judicial economy argument is that, if no liability is found against the individual officers, the trial against the Town would not need to go forward. The Town, however, ignores the fact that the same amount of evidence would come out at the first stage of a bifurcated trial as would come out at a unitary trial. The conduct of the internal affairs department, the basis of the supervisory and municipal claims, also forms the basis of individual claims against Lank, Nix, Lane, and Bright under the First Amendment.

### B. THE DEFENDANTS HAVE FAILED TO SHOW HOW THEY WILL BE PREJUDICED IF THE ISSUES ARE NOT BIFURCATED

The Defendants will not be prejudiced by a unitary trial because this is not a case where the municipal or supervisory liability claims involve evidence which is likely to be otherwise inadmissible against the individual Defendants. This issue typically becomes problematic in cases where a plaintiff's theory of municipal and supervisory liability involves allegations of failures to discipline in the past or inadequate hiring practices. In such cases, a plaintiff may rely heavily upon the individual officers' disciplinary records to demonstrate that the Town had knowledge of a potential for future constitutional violations and failed to correct the situation.

Such is not the case here. Plaintiffs are not seeking to introduce any of the individual officers' disciplinary records. Accordingly, there is no danger of running afoul of Fed. R. Evid. 404(b) in a joint trial.

For the foregoing reasons, the Plaintiffs respectfully requests that the Court deny Defendants' Motion to Bifurcate the Issues at Trial.

|  |  |
|---|---|
|  | Respectfully submitted,<br>Plaintiffs Marc Lopilato & Alfredo Lopilato,<br>By their attorneys, |
| DATED: October 10, 2007 | //s// Michael Tumposky<br>Stephen B Hrones (BBO No. 242860)<br>Jessica D Hedges (BBO No. 645847)<br>Michael Tumposky (BBO No. 660618)<br>Hrones, Garrity & Hedges, LLP<br>Lewis Wharf-Bay 232<br>Canton, MA 02110-3927<br>T)617/227-4019 |

**CERTIFICATE OF SERVICE**

I, Michael Tumposky, hereby certify that, on this the 10th day of October, 2007, I served a copy of this document, where unable to do so electronically, by first-class, postage prepaid, to all attorneys of record.

//s// Michael Tumposky
Michael Tumposky