UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC LOPILATO and ALFREDO, LOPILATO,<br>    Plaintiffs<br><br>v.<br><br>Officer MICHAEL LANK, Officer GLENN NIX, Officer ERROL LANE, Canton Police Chief PETER BRIGHT, and the TOWN OF CANTON,<br>    Defendants, | C.A. NO. 05-10012 NG |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE
OF ALLEGED MISCONDUCT**

The defendants move this Court to exclude the introduction of evidence of alleged misconduct unrelated to any matter before this Court.

**I.    STATEMENT OF THE CASE**

This is a civil action in which the plaintiffs allege violations of their civil rights. At trial, it is expected that the plaintiffs will attempt to introduce evidence of prior disciplinary actions, criminal allegations and or complaints against the defendant police officers or the Canton Police Department in general. The defendants now move in limine to exclude such evidence.

**II.    ARGUMENT:**

    **A.    Evidence Of Alleged Unrelated Misconduct By The Defendants And Or The Canton Police Department Is Inadmissable At Trial**

Evidence of prior conduct of a party offered to prove that the person acted in conformity therewith is inadmissible at trial. Bonilla v. Yamaha Motors Corp., 955 F.2d 150, 154-155 (1st Cir. 1992). Rule 404(b) of the Federal Rules of Evidence permits evidence of past conduct for the limited purpose of establishing motive, intent, knowledge or identity.

1

Here, it is expected that the plaintiff will attempt to offer at time of trial, evidence and/or testimony from witnesses relating to prior, unsubstantiated and unrelated disciplinary actions, criminal actions or complaints against the individual defendants or other members of the Canton Police Department.

But for the limited basis for the admission of such prior instances of conduct, pursuant to proposed Mass. R. Evid. 404(b) there is no relevancy or materiality of prior civilian complaints or departmental reprimands in the plaintiffs' case against the defendants. Such prior alleged instances are not admissible pursuant to Mass. R. Evid. 608(b) as they would not be probative of the truthfulness of the defendant. Rule 608 bars evidence of specific instances of conduct of a witness for the purpose of attacking or supporting his credibility except where the specific instances are the subjects of criminal convictions or probative of truthfulness or untruthfulness of a witness testifying as to his own character.

The introduction of such irrelevant past departmental reprimands, unsubstantiated complaints and/or charges against other members of the department would be highly prejudicial to the individual defendants, and should be barred. Under the Federal Rules of Evidence "Rule 404(b) ... is subject to the over-arching protection of Rule 403 which requires that the probative value not be substantially outweighed by the danger of unfair prejudice." U.S. v. Garcia-Rosa, 876 F. 2d 209, 220-221 (1st Cir. 1989) and U.S. v. Mateos-Sanchez, 864 F. 2d. 232 (1st Cir. 1988).

>Fed. R. Evid. 403 states:
>
>"Although relevant, evidence may be excluded if its probative
>value is substantially outweighed by the danger of unfair prejudice,
>confusion of the issues, or misleading the jury, or by consideration
>of undue delay, waste of time, or needless presentation of
>cumulative evidence." Fed. R. Evid. 403

In Kinan v. City of Brockton, 876 F. 2d 1029 (1st Cir. 1989) the Court of Appeals

2

examined the trial court's exclusion of evidence in a civil rights trial of two prior similar law suits. Both of which resulted in agreements for judgment for the plaintiffs. The Court held that the trial court properly excluded evidence of testimony of witnesses relating to the prior cases.

> "We find no abuse of discretion. Moreover, introducing evidence of the two other cases would inevitably result in trying those cases, or at least portions of them, before the jury. The merits of the two other cases would become inextricably intertwined with the case at bar. The result would be confusion and the consumption of a great deal of unnecessary time ... Finally, we agree with the District Court that whatever remote relevancy the cases had on custom or practice was outweighed by the potential for prejudice. Fed. R. Evid. 403. Id. at 1034-1035.

The Court noted that the prior cases did not result in actual findings of misconduct. It should be further noted that the Court in Kinan ruled as properly excluded those prior instances as unduly prejudicial even as against the defendant municipality against which the plaintiff had to prove a custom or policy of allowing the deprivation of constitutional rights of citizens. Id. at 1033.

For guidance, under the balancing test of Fed. R. Evid. 403, this Court should weigh the probative value of the alleged prior acts against the danger of undue prejudice to the defendant. See, e.g. U.S.A. v. Rowe, 360 F.2d 1, 15 (2nd Cir. 1966). Here, the probative value of other unrelated, unproven acts does not bear on any element of the instant action against the defendants. The probative value of these other alleged acts is zero. On the other hand, allowing evidence of other alleged acts to come before the jury would be highly prejudicial to the defendants. It would encourage the jury to impermissibly base its decision on irrelevant alleged acts of misconduct of the defendants and not the facts surrounding the action being litigated. It would place the defendants in a hostile light and it in the eyes of the jury.

In Tigges v. Cataldo, 611 F. 2d 936, 938 (1st Cir. 1979) the plaintiff appealed the District Court judge's ruling excluding certain testimony during cross-examination. The Court noted that

3

since the sought after examination dealt with past conduct and was not in and of itself "probative of truthfulness or untruthfulness" pursuant to Fed. R. Evid. 608(b) the plaintiff could not have cross-examined the witness directly on the prior incident. <u>Id</u>. "... the inquiry, if allowed, would have thrust before the jury the otherwise inadmissible issue of [the individual officer's past disciplinary record, which could have been highly prejudicial to him". <u>Id</u>. at 939.

### III. <u>CONCLUSION:</u>

It is apparent that there is no proper basis for the presentation of prior departmental reprimands, criminal complaints or complaints against the defendants or other members of the department and such presentation would constitute undue prejudice. The probative value, if any, is clearly outweighed. Accordingly, any evidence of alleged prior misconduct on the part of the defendant police officers should be excluded at trial.

                                          Defendants,
                                        by their attorneys,

                                        /s/ Valerie A. McCormack
                                        Douglas I. Louison, BBO# 545191
                                        Valerie A. McCormack, BBO# 661460
                                        MERRICK, LOUISON & COSTELLO
                                        67 Batterymarch Street
                                        Boston, MA 02110
                                        (617) 439-0305

### CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2007, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to plaintiff's counsel.

                                          /s/ Valerie A. McCormack
                                          Valerie A. McCormack